NATHANIEL P. COOK *vs.* RALPH M. GREENLAW, *Ex.*

MARCH 28, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is an action of assumpsit brought to enforce payment of a claim filed in the probate court against the estate of the plaintiff's mother, who had died leaving a will and codicil thereto, of which the defendant was the executor, duly appointed and qualified. This claim was based on an alleged express promise by the testatrix to pay the plaintiff $40,068.42 "to even up advances paid to George F. Cook", who was the plaintiff's brother. The case was tried before a justice of the superior court, sitting without a jury. He filed a decision for the defendant and the case is now before us on the plaintiff's bill of exceptions.

The original declaration, which was filed December 15, 1937, was in two counts. In the first it was alleged, in substance and effect, that the plaintiff's father in his lifetime had given, from time to time, to the plaintiff's brother George large sums of money, aggregating very much more than the father had given to the plaintiff; that the father had therefore agreed with the plaintiff to give him by will enough money to equalize the payments made to the two brothers; that the father had died on June 17, 1927, leaving a will, which was duly probated and which was in violation of that agreement with the plaintiff.

It was further alleged in this count that the plaintiff's mother, being well aware of the agreement and her husband's failure to perform it, "did promise this plaintiff from time to time on many occasions from and after the death of said Frederick Cook, her husband, and up to and within three (3) years prior to her death, such death occurring on the 21st day of May 1936, to make a will fully performing the terms and conditions and promises made as aforesaid by her said husband"; but that, in violation of her promises and agreements, she had failed to make any such will. The

other count of the original declaration was an *indebitatus assumpsit* count.

On January 23, 1939, before the case had been tried, the plaintiff, on motion of the defendant, filed a bill of particulars. In this he stated that his mother made her first promise to him in the fall of 1926; that she reiterated it in the spring of 1927; and that subsequent to the death of his father she "on diverse and many occasions repeated her promise that she would make a will performing the terms and conditions and promises made by her in 1926 and 1927 and for the purpose of carrying out the promises of her deceased husband, Frederick Cook." Neither in this bill of particulars nor in any count of the original declaration was there a statement of any consideration for any of the alleged promises by her or as to any giving up by the plaintiff of any intention to contest his father's will.

On March 8, 1939, after the pleadings had been closed, the plaintiff filed two replications to certain pleas filed by the defendant. In neither of these replications did the plaintiff state any consideration for any of the alleged promises of his mother with regard to her will, or of any intention by him to contest his father's will, though in the second of these replications such promises were stated, substantially as in the first count of his declaration.

On May 20, 1939, two new counts were added to the declaration. In the first of these the plaintiff alleged the making and probating of his father's will, and then alleged, in substance, that before the time for taking an appeal had elapsed he intended and planned to take such an appeal on the ground of undue influence; that his mother thereupon, intending to induce him not to take such an appeal, "from time to time on many and divers occasions from and after the death of said Frederick Cook her husband, and up to and within three (3) years prior to her death, such death occurring on the 21st day of May, 1936," did promise the plaintiff

that in consideration that he would forbear from claiming an appeal from the probating of his father's will, she would make a will leaving to him sums equal to the sums given by his father, during the latter's lifetime, to the plaintiff's brother George; that he did forbear from claiming such appeal; but that she had failed to make any such will and had left a last will wherein she had given him much less than she had promised him. The second additional count was similar but much briefer.

After the pleadings had been again closed, the case was tried as above stated, the plaintiff relying solely on the two additional counts of his declaration. In the written decision of the trial justice, he first stated, as the rule to be applied in the case, that as this was an action of assumpsit to recover damages for breach of an alleged oral contract to make a will, the plaintiff, in order to recover, must prove such alleged contract "by clear and convincing evidence."

He then discussed, at much length and thoroughly, the evidence in the case and found that the testimony showed at most a promise, made by the mother to the plaintiff, in the lifetime of Frederick Cook, to equalize advances made by her husband to their two sons, but that no consideration was shown for such promise; and that it was entirely uncertain as to whether the promise was that she would, in her lifetime, equalize such advances or she would do so by will. He also found that the testimony was "so equivocal and uncertain on this point as to be insufficient to establish a promise to make a will."

One of the plaintiff's exceptions is to the refusal of the trial justice to permit the plaintiff's counsel to introduce in evidence some alleged copies of a certain brokerage account, purporting to show transactions between the plaintiff's brother George and a firm of stockbrokers. No valid reason was shown for the nonproduction of the original accounts;

nor was it shown that the alleged copies were true copies. We therefore find no merit in this exception.

All the other exceptions were waived, except those which were based on the grounds that the final decision of the trial justice was contrary to law and that it was contrary to the evidence. As to the law, the trial justice applied the rule that, in order for a plaintiff to enforce an alleged agreement by a person to leave a will in the plaintiff's favor, such an agreement must be proved by clear and convincing evidence. This rule is well settled in this state. *Spencer* v. *Spencer,* 26 R. I. 237; *Messier* v. *Rainville,* 30 R. I. 161; *Lawton* v. *Thurston,* 46 R. I. 317. Because of this rule, we find that the decision of the trial justice was not against the law and that this exception should be overruled.

The only evidence that there was an agreement between the plaintiff and his mother substantially as alleged in the additional counts of his declaration is the testimony of himself and his wife. There was a deposition by a woman who had been very friendly with the plaintiff's mother; but the nearest that she came to supporting the plaintiff's case was that she testified that in the year before the plaintiff's father died she heard the plaintiff say to his mother: "Father always gives George whatever he wants and when he wants it and he won't give me a thousand dollars;" and that the mother said: "Don't worry, Nat, I will make up to you all that George has had, don't worry."

But the promise, as thus testified to, was not to make a will in the plaintiff's favor and no legal consideration for it was indicated. This testimony gave little support to the plaintiff's contention that his mother, for a valuable consideration from him, agreed to equalize, by her will, the advances made by her husband to the two sons.

On the other hand, there was testimony by the plaintiff's brother George which, if believed, cast considerable doubt

upon the truth and accuracy of the testimony by the plaintiff and his wife. There were also many improbabilities in the latter testimony.

The defendant, who was the executor of the will of Frederick Cook, as well as the executor of the will of the plaintiff's mother, testified that while he was settling the former's estate he had no conversation with anyone concerning an appeal, or possibility of an appeal, by the plaintiff from the probate of the father's will, or any suggestion by anyone that the plaintiff might take an appeal. He also testified that he had had no information from the testatrix or anyone else that she had promised the plaintiff that she would leave property in her will so as to equalize the moneys that the two sons had received from their father.

Moreover, the facts, above stated, as to the claim which was filed by him against his mother's estate and upon which this action was based, and as to the original declaration filed by him and as to the bill of particulars and a replication—no one of which papers contained any statement by him that the alleged agreement by his mother was made in consideration of any promise by him not to contest his father's will—could properly be taken into consideration by the trial justice in determining the credibility and weight of the evidence in support of the later counts of the declaration.

We are of the opinion that we cannot properly find that the final decision of the trial justice in favor of the defendant was erroneous because contrary to law or to clear and convincing evidence.

All the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Everard Appleton, Flynn & Leighton, Robert T. Flynn,* for plaintiff.

*Henry M. Boss,* for defendant.